UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVY FEATHERSTONE,

      Plaintiff,

-v-

      Case No.: 2:12-cv-524
      JUDGE SMITH
      Magistrate Judge King

HIRAM HOWARD,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Hiram Howard's Motion for Summary Judgment (Doc. 16). The motion is fully briefed and ripe for review. For the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.

**I.    Background**

In early June 2012, Defendant Hiram Howard, a Code Enforcement Officer for the City of Columbus, Department of Development, received a complaint from a neighbor of Plaintiff Ivy Featherstone regarding the possible obstruction of a sidewalk along Pine Valley Road. Plaintiff's property is located at 3024 East Hudson Street, but the property is also adjacent to Pine Valley Road. Defendant conducted an inspection of the property as a result of the complaint, and he observed trees from Plaintiff's property obstructing the sidewalk along Pine Valley Road. Columbus City Code § 902.02 generally prohibits any person from obstructing any sidewalk or right-of-way. Under Columbus City Code § 902.00, the "director of the public service department, the director of the department of safety, the director of the department of development, the health commissioner, and their designees" have the authority to enforce § 902.02.

On June 8, 2012, Defendant issued a "Right-of-Way Violation Order" (hereinafter "violation order") to Plaintiff, notifying him that the "right-of-way is being blocked. Remove said obstruction from the right-of-way. Low hanging tree limbs from your yard are obstructing the sidewalk." (Doc. 16-1, Ex. B). The violation order warned Plaintiff that if he did not correct the problem within 10 days, or later if an extension was granted, then the failure to comply with the notice would be a third degree misdemeanor.

On June 13, 2012, Plaintiff, proceeding *pro se*, initiated this action against Defendant under 42 U.S.C. § 1983 for alleged violations of his Constitutional rights. Plaintiff alleges that Defendant, acting under color of law, violated his Constitutional rights by discriminating against him on the basis of his race, and by retaliating against him for engaging in protected conduct, in connection with Defendant's issuance of the violation order.

On June 21, 2012, Defendant took medical leave from his job. Defendant returned to work on September 24, 2012. After returning to work, Defendant reinspected the sidewalk along Plaintiff's property on Pine Valley Road, and he determined that the trees were no longer obstructing the sidewalk. Consequently, in October 2012, Defendant sent a letter to Plaintiff indicating that the trees along Pine Valley Road were no longer in violation of Columbus City Code § 902.02, and that the violation order was officially withdrawn. Plaintiff received the October 2012 letter, and he acknowledges that no enforcement action has been taken against him.

In February 2013, Defendant filed his Motion for Summary Judgment, which is ripe for disposition. Defendant argues that Plaintiff fails to present evidence to support his allegations that Defendant violated his constitutional rights, and that Plaintiff's claims fail as a matter of

law.  Alternatively, Defendant argues that he is entitled to qualified immunity.

**II.	Summary Judgment Standard**

The standard governing summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate, however, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.,* 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must view all the facts, evidence and any inferences that may permissibly be drawn from the facts, in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587.  The Court will ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 251-53.  Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried.  *Lashlee v. Sumner*,  570 F.2d 107, 111 (6th Cir. 1978).  The Court's duty is to determine only whether sufficient evidence has been presented to make the issue of

fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249; *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Liberty Lobby*, 477 U.S. at 257). The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Liberty Lobby*, 477 U.S. at 252. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). The Court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. *Liberty Lobby*, 477 U.S. at 251-52; *see also Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

**III.    Discussion**

Plaintiff brings his claims under the authority of 42 U.S.C. § 1983, which provides in

4

relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

This statute "is not itself a source of substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137 (1979)). To prevail on a claim under § 1983, a plaintiff must prove: (1) that the defendant acted under color of law; and (2) that the defendant deprived the plaintiff of a right secured by the United States Constitution or federal statute. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *see also Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Plaintiff generally alleges that Defendant violated his Constitutional rights in connection with the issuance of the violation order.[1] Liberally construing Plaintiff's Complaint,[2] Plaintiff more particularly alleges that Defendant discriminated against him on the basis of his race, in violation of the Equal Protection Clause, and that Defendant retaliated against him for filing a lawsuit against another City of Columbus employee, in violation of his First Amendment rights. The Court will address these two claims in turn.

### A.    Equal Protection Claim

Plaintiff alleges that Defendant denied him equal protection under the law because

---

[1] It is undisputed that Defendant was acting under color of law when he issued the violation order.

[2] *Pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendant engaged in discriminatory conduct on the basis of Plaintiff's race. The Equal Protection Clause of the Fourteenth Amendment commands that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005). To prove his claim of racial discrimination in violation of the Equal Protection Clause, Plaintiff must show that Defendant, a state actor, purposefully discriminated against him on the basis of his race. *See Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265 (1977); *Washington v. Davis*, 426 U.S. 229, 239 (1976).

Plaintiff's discrimination claim is based on his assertion that other residents in his neighborhood had obstructions in the right-of-ways adjacent to their properties, but no action was taken against them. Plaintiff reasons that Defendant targeted him on the basis of his race, as it relates to issuing violation orders for obstructions, because no action was taken against his neighbors. Plaintiff fails to present, however, any evidence showing that Defendant discriminated against him on the basis of his race.

Defendant has testified that he issued the violation order because of the neighbor's complaint and his inspection of the sidewalk area, and for no other reason. Defendant denies that Plaintiff's race had any connection to his decision to issue the order. Defendant testified that he did not recall any other residences in the neighborhood having conditions similar to the condition of the sidewalk along Plaintiff's property. Defendant further testified that, if a

complaint had been made about another residence, he would have investigated the complaint and issued a violation order if appropriate.

In response to Defendant's evidence, Plaintiff baldly asserts that Defendant discriminated against him because he is black, notwithstanding the fact that Defendant identifies himself as African-American. Plaintiff speculates that Defendant dislikes blacks and that is why he issued the violation order. Plaintiff further attempts to counter Defendant's evidence by submitting photographs of other properties in his neighborhood, purporting to be in violation of Columbus City Code § 902.02. Apparently, Plaintiff submitted these photographs to show that there were other code violations in his neighborhood, and that Defendant took no action as to these other apparent violations. But these photographs prove nothing as it relates to Plaintiff's federal claims. They do not show that Defendant received a complaint regarding any of these conditions, that he investigated any of the conditions, or that he had knowledge of the race(s) of particular property residents. Simply stated, Plaintiff presents no evidence supporting his claim that Defendant was motivated by a racially discriminatory intent or purpose when he issued the violation order. Plaintiff's conjecture and speculation does not create a genuine issue of material fact. *See Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) ("In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his or her] favor on more than mere speculation, conjecture, or fantasy."

Because Plaintiff fails to show the requisite discriminatory intent or purpose, his claim of racial discrimination in violation of the Equal Protection Clause fails as a matter of law.

    **B.**    **First Amendment Claim**

Plaintiff alleges that Defendant violated his First Amendment rights by issuing the violation order in retaliation for Plaintiff filing a lawsuit in 2008 against Hank Graham, a City of Columbus employee.  The elements of a First Amendment[3] retaliation claim are: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

Plaintiff undoubtedly engaged in protected conduct when he filed a lawsuit against Mr. Graham, a City of Columbus employee, in 2008 relating to Mr. Graham's removal of signs from Plaintiff's yard.  *See Thaddeus-X*, 175 F.3d at 396 (noting that the filing of a lawsuit to redress grievances is clearly a protected activity under the First Amendment); *see Featherstone v. Graham*, No. 2:08-cv-690, 2011 WL 1324561 (Apr. 5, 2011) (Frost, J.) (previous lawsuit filed by Plaintiff).  Thus, Plaintiff meets the first requirement for proving a First Amendment retaliation claim.

As to the second requirement for proving a First Amendment retaliation claim, Plaintiff asserts that the issuance of the violation order constituted adverse action, despite Defendant's subsequent withdrawal of the violation order.  The Sixth Circuit has defined "adverse action" as one "that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396.  Even assuming, for the purpose of Plaintiff's First Amendment

---

[3] The First Amendment is applicable to the States through the Due Process Clause of the Fourteenth Amendment.  *See Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 749 n.1 (1976).

retaliation claim, the issuance of the violation order itself constituted an adverse action, even though no subsequent action was taken against Plaintiff, Plaintiff cannot meet the third element of this claim.

Plaintiff fails to present any evidence demonstrating that Defendant's issuance of the violation order was motivated at least in part by Plaintiff's protected conduct. Defendant has testified that, as of the date he issued the violation order, he was unaware of the lawsuit involving Plaintiff and Mr. Graham. Defendant further testified that he does not know Mr. Graham, that he has never spoken to Mr. Graham, and that he did not otherwise consult with Mr. Graham prior to issuing the violation order. According to Defendant, he did not consult with anyone other than Plaintiff's neighbor prior to issuing the violation order.

In response to Defendant's evidence concerning Plaintiff's retaliation claim, Plaintiff argues that it is unbelievable that Defendant did not know Mr. Graham. Defendant testified that he is a Code Enforcement Officer with the City of Columbus' Department of Development, and there is evidence that Mr. Graham worked as an Engineering Associate I/Right-of-Way Coordinator within the City of Columbus' Department of Public Service, Transportation Division. Thus, Defendant and Mr. Graham worked within different departments at the City of Columbus. While both may enforce Columbus City Code § 902.02, including right-of-way issues, that fact does not lead to the inference that they must have known each other. Plaintiff's challenge to Defendant's evidence thus rests on speculation. Therefore, Plaintiff presents no evidence disputing Defendant's assertion that he does not know Mr. Graham, or that he was unaware of Plaintiff's lawsuit against Mr. Graham. Consequently, Plaintiff cannot show a causal connection or link between his filing of the lawsuit in 2008, and Defendant issuing the violation

order in 2012.  Because Plaintiff cannot prove the third element of his First Amendment retaliation claim, that claim also fails as a matter of law.

Moreover, because Defendant is entitled to summary judgment on both of Plaintiff's claims, it is unnecessary to address Defendant's alternative argument that he is entitled to qualified immunity.  *See Glasstetter v. Rehabilitation Services Comm'n*, No. 2:07-cv-125, 2010 WL 2465356 (S.D. Ohio June 14, 2010) (Smith, J.).

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.  Therefore, Plaintiff's claims are **DISMISSED with prejudice**.  The Clerk shall enter **FINAL JUDGMENT** in favor of Defendant.

The Clerk shall remove Document 16 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**